BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandante y apelado, *v.* FRANK A. CRESCIONI, demandado y apelante.

No. 4380.—*Sometido:* Noviembre 20, 1928. *Resuelto:* Mayo 31, 1929.

*Juan B. Soto,* abogado del apelante; *Juan de Guzmán Benítez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

█ █ El demandado y apelante, Frank A. Crescioni, escribió una carta al banco demandante en la que le daba instrucciones para que al llenarse ciertos requisitos pagara a M. González García determinada suma de dinero. El banco efectuó el pago y cuando el citado Crescioni se negó a reembolsar el dinero al banco, este último entabló demanda y obtuvo sentencia a su favor, contra la cual ha sido instituido el presente recurso de apelación.

Es innecesario considerar muy detalladamente los varios señalamientos de error. La corte inferior tal vez se equivocó en varias cuestiones de poca importancia, a saber, si cierta mercancía en realidad había sido embarcada o al caracterizar la defensa del demandado. Tampoco consideramos la forma de pago efectuada por el banco, en vista de que la cuestión esencial presentada para su decisión es si la carta dirigida por Crescioni al banco era suficiente orden de pago.

La carta en cuestión instruía al banco que pagara el dinero a la presentación de un giro, conocimiento de embarque, factura consular y además una póliza de seguro si la mercancía era embarcada por goleta. La mercancía, consistente en traviesas, debía ser embarcada desde Santo Domingo. Nunca llegó a su destino. Un fraude absoluto fué perpetrado por M. González García.

El apelante dice en su contestación que los documentos mencionados no acompañaron el giro. Al discutir el tercer señalamiento de error el apelante dice que él sostenía que era el deber del banco demandante cerciorarse de que los documentos presentádosle, y especialmente el conocimiento de embarque, eran buenos y válidos.

La corte halló y la prueba tendió a demostrar que se presentaron al banco un conocimiento de embarque, una factura consular y una póliza de seguro, todos aparentemente en debida forma. Durante el juicio todas las firmas contenidas en los documentos fueron probadas debidamente. Entonces surgió la cuestión de si era el deber del banco a la presentación de los documentos averiguar si el conocimiento de embarque

representaba un despacho realmente efectuado. No podemos resolver que surgió tal deber.

Todo el mundo sabe en qué consisten los negocios corrientes de un banquero. Entre otras cosas, paga dinero de los depósitos hechos o cuando el cliente tiene crédito con el banco. Cuando una persona como Crescioni ordena a un banco que pague dinero a la presentación de ciertos documentos por determinada persona que se menciona, en el presente caso González García, y esa persona acude al banco con documentos que en cuanto a su forma son perfectos y que están debidamente certificados, y el banco efectúa el pago, la persona a cuya súplica se hace el pago es responsable. Ella es la que puso en movimiento las distintas fuerzas que tuvieron como resultado el pago a determinada persona.

Si bien ocurrió que M. González García cometió un fraude, nunca despachó traviesas y se burló de las autoridades y de otras personas en Santo Domingo, sin embargo, la orden dada al banco era suficiente autorización para éste. Fué Crescioni quien colocó a M. González García en posición de que perpetrara el engaño. En otros campos del derecho, como entre dos personas inocentes, aquella que hace posible la comisión del fraude o del engaño, sufre las consecuencias. Por ejemplo, una venta fraudulenta en que el vendedor se desprende de la posesión y la venta es anulable. Entonces el principio es, y así lo expone el tratadista Benjamin en su obra sobre Ventas, Séptima Edición Americana, páginas 409 *et seq.,* parr. 433; "Pero si en el ínterin el comprador transfiere los bienes total o parcialmente, ora sea el traspaso de la propiedad general o especial, a un tercero inocente, por algo de valor, los derechos del vendedor original estarán subordinados a los de tal persona inocente." La razón de la regla es la misma.

Los casos de cheques falsos no son aplicables. La orden en este caso surgió claramente del demandado.

No podemos resolver que el banco se constituyera a sí mismo en un agente de Crescioni. Él confiaba en González

García para determinar la validez del conocimiento de embarque.

El argumento *ab inconvenienti* se dice que es el más flojo, según la lógica, y sin embargo a veces puede utilizarse. Si un banco tuviera que hacer las investigaciones sugeridas, las transacciones mediante conocimientos de embarque y los créditos que surgen de conformidad con los mismos, serían excesivamente difíciles.

La sentencia apelada *debe ser confirmada.*